**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 06-4561**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANK BALLARD SMITH,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Chief District Judge.  (1:05-cr-00062-jpj)

─────────────

Submitted:  May 4, 2007                   Decided:  June 4, 2007

─────────────

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Michael A. Bragg, BRAGG LAW, PLC, Abingdon, Virginia, for Appellant.  Dennis H. Lee, Special Assistant United States Attorney, Abingdon, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank Ballard Smith appeals his conviction after a jury trial of one count of attempted escape in violation of 18 U.S.C. § 751(a) (2000), and his resulting thirty-seven month sentence. Smith claims his due process rights were violated when the district court prevented him from arguing to the jury that the Government failed to prove he was in federal custody under § 751(a). According to Smith, the district court's refusal to allow him to argue this point to the jury was essentially a directed verdict as to that element of the offense. Smith also argues the district court erred in denying his motions for judgment of acquittal because he was never in federal "custody" as that term is defined under § 751(a). We affirm Smith's conviction and sentence.

While Smith was serving a state prison sentence, the United States District Court for the Western District of Virginia issued a writ of habeas corpus ad prosequendum for Smith. The writ was executed, and the Government took possession of Smith pursuant to a magistrate judge's order of detention. While awaiting disposition of the federal charges against him, Smith attempted to escape from the facility in which he was housed.

At the close of the Government's evidence, Smith moved for a judgment of acquittal arguing that, under United States v. Evans, 159 F.3d 908 (4th Cir. 1998), he remained in state custody at the time of his escape attempt and therefore was not in federal

- 2 -

"custody" as that term is defined by § 751(a). The district court denied the motion and ordered that Smith could not argue to the jury "any factual question, at least based on the evidence presented to me so far," regarding whether he was in federal "custody" at the time of his escape attempt.

After his conviction, Smith filed another motion for judgment of acquittal or, in the alternative, for a new trial, again arguing he was not in federal "custody" at the time of his escape attempt. The district court denied the motion, and Smith timely appealed.

"The district court is afforded broad discretion in controlling closing arguments and is only to be reversed when there is a clear abuse of its discretion. 'A reversal may be required where counsel is restricted within unreasonable bounds.'" See United States v. Wills, 346 F.3d 476, 491-92 (4th Cir. 2003) (citing United States v. Rhynes, 196 F.3d 207, 236 (4th Cir. 1999)). We conclude the district court did not err when it prevented Smith from arguing to the jury that he was in state and not federal custody as required by § 751(a).

To establish federal custody under § 751(a), the Government was required to prove Smith was: "(1) in the custody of the Attorney General or her authorized representative; (2) confined in an institution by direction of the Attorney General; (3) in custody under or by virtue of any process issued under the laws of

- 3 -

the United States by any court, judge, or magistrate; or (4) in the custody of an officer or employee of the United States pursuant to a lawful arrest." Evans, 159 F.3d at 910.

At trial, the Government introduced evidence that Smith was directed by a magistrate judge to be "committed to the custody of the Attorney General or his designated representative for confinement" at the time of his escape attempt. Although Smith insinuates on appeal he was entirely forbidden from arguing the custody issue to the jury, the record reveals Smith was prevented from arguing facts regarding when federal custody begins pursuant to a writ of habeas corpus ad prosequendum.

Because it is evident Smith wished to argue to the jury that the Government's legal definition of "custody" was incorrect and that this legal argument would only have confused the jury, we conclude the district court did not abuse its discretion in limiting Smith in his closing argument.

Smith also claims the district court erred in denying his motions for judgment of acquittal because, under Evans, he was merely "loaned" to the federal system by Virginia and therefore remained in state custody. We review the denial of a Rule 29 motion de novo. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005), cert. denied, 126 S. Ct. 1925 (2006). We conclude the district court correctly denied Smith's motions for judgment of acquittal.

- 4 -

In Evans, a federal prisoner was loaned to the custody of the state pursuant to a writ of habeas corpus ad prosequendum. Evans, 159 F.3d at 909. Evans escaped while in state custody and a jury subsequently convicted him of a violation of § 751(a). Id. at 910. In affirming Evans' conviction, this court rejected Evans' argument that the writ of habeas corpus ad prosequendum effectuated a change in custody and that the federal government, having transferred him to state custody, relinquished its custody over him. Id. at 910-13. Rather, this court held that the sending jurisdiction does not relinquish its custodial authority over a prisoner for purposes of escape jurisdiction when a writ of habeas corpus ad prosequendum is effectuated. Id. at 912.

Although Evans decided that federal authorities do not relinquish custody by loaning out a prisoner on a writ of habeas corpus ad prosequendum, it did not hold that where, as here, a state loans a prisoner to federal authorities on the authority of such a writ, the federal government does not obtain custody of the prisoner. Rather, under the plain meaning of the word "custody," when a state prisoner is physically held by federal authorities awaiting prosecution of a federal offense, it belies logic to claim the federal authorities do not have "custody" of the prisoner. Accordingly, we conclude the district court did not err when it denied Smith's motions for judgment of acquittal.

Based on the foregoing, we affirm Smith's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED